# IN THE UNITED STATES CIRCUIT COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA

**CASE NUMBER: 22-cvus-05243    09/21/2022**
**CASE NUMBER: 21-cvus-05082    04/09/2021**

## NO ORAL ARGUMENT SCHEDULED

DC Case No.: 1:19-cv-02712
Nature of Suit: 152 Contract-Recovery of Defaulted Student Loans
20:1080 Student Loan Recovery {**By the Court**}

**ORIGINAL NATURE OF SUIT:** *Judicial Review/ VIOLATIONS OF CIVIL RIGHTS, NEGLIGENCE AND INVASION OF PRIVACY* [**By Plaintiff/Appellant**]

*JACQUELYN BRENEA N'JAI*                     *March 3, 2023*
        **Appellant/Plaintiff**

V.

1. **UNITED STATES DEPARTMENT OF EDUCATION,**
2. **ELISABETH DEVOS, SECRETARY OF THE US DEPARTMENT OF EDUCATION, AND**
3. **DIANE SPADONI,**
*(IN BOTH PROFESSIONAL AND INDIVIDUAL CAPACITIES),*
4. **NEW YORK CITY HIGHER EDUCATION SERVICES CORPORATION**
5. **NEW YORK UNIVERSITY**
6. **LONG ISLAND UNIVERSITY**
7. **CAMPUS PRODUCTS AND SERVICES/CONDUENT EDUCATIONAL SERVICES LLC** (Formerly Conduent/Campus and Services, ACS Education Services LLC, and other aka)
8. **IMMEDIATE CREDIT RECOVERY INC**
9. **FMS INVESTMENTS CORPORATION INC.**
10. **VAN RU CREDIT CORPORATION**
        **Appellees/Defendants**

---

**RESPONSE TO IMMEDIATE CREDIT RECOVERY**

---

Filed by:            Jacquelyn B. N'Jai, Pro Se
                     PO Box 10133
                     Pittsburgh, PA 15232
                     (412) 513-6634

## SUMMARY
## BACKGROUND OF APPELLANT'S RESPONSE

On 1/6/2023, N'Jai received a notice of ECF filings from NYU and LIU and somehow she missed ICR. She responded in a timely manner on 1/9/2023. As she was about to file, she saw that ICR had filed the same kind of Motion, with the same kind of issues, as NYU and LIU. Since they

were basically the same, and to avoid redundancy, she put- on the docket, dated 1/9/2023, that her filing specifically included ICR. See ex. #1 below where filing related to and was intended to respond to ICR, NYU and LIU. She humblely apologizes for any confusion.

However, she draws the Court's attention to how long it took ICR from 2019-6/2020 to answer the Appellant's complaints, and on multiple occasions she sought a default against ICR, et al.

The docket shows that ICR return of service was on 3/18/2020, answer was due on 4/8/2020.

On 4/16/2020, ICR filed for an extension of time (LATE). On 5/19/2020, #35-36 N'Jai filed a Request for Default. Not until 6/15/2020 # 61 did ICR file a Motion to Dismiss.

Each time the lower court granted an extension to moot any Motion to enter a default against multiple Appellees, including those who have not answered, or refused to.

Each Appellee is being represented by counsel, but the Court liberally construed their dilatoriness. N'Jai is not represented by counsel and have not been intentionally dilatorious, but was constantly made to stick to higher standards than Appellees' counsels. These are some grounds for which she appeal.

Appellant contents that ICR should not be able to seek a dismissal when N'Jai consolidated her answers based upon the same nearly identical arguments being made by LUI, NYU, HESC, and ICR. She has already made 2 timely responses, to 6-7 Appellees, all arguing the identical same thing, and she finds it redundant to keep arguing the same points, prior to Briefing as if she has no right to an appeal.

Due to the constant requests from DOE, ICR, HESC, et al. on appeal; the long term requests by Appellees for multiple extensions from 2020-2023 in district court; the refusals to accept the waiver and complaint, the summons and the complaint in a timely manner, and the stalling from 2019-2023, they caused a 3 year delay, and it makes no sense to keep pounding over the same thing when her point is clear.

She does not think that the dismissal for **jurisdiction** in any capacity, **immunity**, nor **failure to state a claim** are correct decisions, to dismiss any of her claims, nor any defendant/Appellee, [other than maybe the criminal, for which DOE has a duty to pursue in her behalf].

Nonetheless, this is what the record shows,

"**Notice of Docket Activity**

The following transaction was entered on 01/09/2023 at 11:58:29 PM Eastern Standard Time and filed on 01/09/2023

**Case Name:** Jacquelyn N'jai v. EDUC, et al
**Case Number:** 22-5243
**Document(s):** Document(s)

**Docket Text:**
RESPONSE IN OPPOSITION [1980754] to motion for summary affirmance [1980518-2], motion for summary affirmance [1980552-2] filed by Ms. Jacquelyn Brenea N'jai [Service Date: 01/09/2023 by CM/ECF NDA] Length Certification: Compliance Appellant Jacquelyn, complied as follows: *Within 7 days from **LIU & NYU and Immediate Credit Recovery**. Pursuant to Rule 27(a)(4)(A), and (a)(5), Less than 2600 words. See attached. [22-5243] (N'jai, Jacquelyn)

**Notice will be electronically mailed to:**

Kenneth T. Maloney: kmaloney@cullenanddykman.com
Mr. Ronald S. Canter, Attorney: rcanter@roncanterllc.com, mlun@roncanterllc.com
Thomas Duffey, Assistant U.S. Attorney: thomas.duffey@usdoj.gov
Mr. Frank J. Mastro, Attorney: fmastro@schlosslaw.com
Monica M. Littman: mlittman@kdvlaw.com
Mr. Richard J. Perr, I: rperr@kdvlaw.com, sscolari@kdvlaw.com
Ms. Jacquelyn Brenea N'jai: jacquibnjai@gmail.com, njai.jacquelynb@gmail.com

R. Craig Lawrence: craig.lawrence@usdoj.gov, jane.lyons@usdoj.gov, caseview.ecf@usdoj.gov, usadc.civil@usdoj.gov, alicia.dupree@usdoj.gov (*daily summary*)

The following document(s) are associated with this transaction:
**Document Description:** Response to Motion Filed
**Original Filename:** Appellants Response 2023-01-09_230320.pdf"

---

From 1/9/2023-2/24/2023, ICR never responded either, and to Appellant, it was untimely to ask for a dismissal. The dismissal request was due by 1/16/2023 [7 days], or 1/20/2023 if 10 days.

In another response, N'Jai filed a response to ICR, DOE, LIU, NYU on 2/17/2023. All of the Appellee's issues are the same, or intertwine in the conspiracy to commit fraud against a student borrower, and at one time or more, ICR joined in with LIU/NYU, HESC and DOE in their answers, from the similarities, so N'Jai assumed it was ok to combine her answers to each.

According to the Docket:

"02/17/2023
RESPONSE IN OPPOSITION [1986335] to motion for summary affirmance [1984649-2], motion for summary affirmance [1980552-2], motion for summary affirmance [1983983-2] filed by Ms. Jacquelyn Brenea N'jai [Service Date: 02/16/2023 by CM/ECF NDA] Length Certification: ?CERTIFICATE OF COMPLIANCE I, Appellant, Jacquelyn Brenea N'Jai, certify that the Response to the Motion for the United States Department of Education/Federal

Appellees, NYU/LIU, and Immediate Credit recovery, Inc., is in compliance with the Fede. [22-5243] (N'jai, Jacquelyn) [Entered: 02/17/2023 12:21 AM"

In Diane Spadoni's letter, ex. Docket #1986335, page 13 of 31, refiled 2/17/2023, she stated that:

"According to this letter, the last sentence, **"For further information regarding this account, you should contact Immediate Credit Recovery, Inc., the Department's collection agency, at 1-866-401-7190."**

> Case 1:19-cv-02712-DLF   Document 21   Filed 03/09/20   Page 37 of 157
>
> 
>
> December 13, 2016
>
> Ms. Jacquelyn N'Jai
> P.O. Box 10139
> Pittsburgh, PA 15232-0139
>
> Debt No.: 3343545
> 3343555
> Account No.: 100095104I
>
> Dear Ms. N'Jai:
>
> Thank you for your correspondence comparing your student loan account with the U.S. Department of Education, Federal Student Aid.
>
> To request information under the Freedom of Information Act, you must write to:
>
> ATTN: FOIA Officer
> U.S. Department of Education
> Office of the Chief Information Officer
> Regulatory Information Management Services
> 400 Maryland Avenue, S.W., PCP 9142
> Washington, DC 20202-4700
>
> You must state that your letter is a request for information under the Freedom of Information Act, 5 USC 552, as amended, and the Privacy Act of 1974, 5 USC 552a, as amended. You must also describe the information you are requesting.
>
> You state that you will file suit against the Department. The legal documents should be sent to:
>
> U.S. Department of Education
> Office of the General Counsel
> 400 Maryland Avenue S.W.
> Washington, DC 20202
>
> Service on the Department at another address may not be legally sufficient service and the government will not consider the suit properly served unless the party complies with federal service rules.
>
> For further information regarding this account, you should contact Immediate Credit Recovery, Inc., the Department's collection agency, at 1-866-401-7190.
>
> 
>
> FederalStudentAid
> AN OFFICE of the U.S. DEPARTMENT of EDUCATION

For Immediate Credit Recovery to asked the Court to dismiss an appeal, or a constitutional right of N'Jai, on the grounds that they are in another state, and alleging that it has no significant relationship to DOE,

because it is the arm of the state, is putting the state conflicting law or interests of ICR, HESC, LIU, and NYU, above the federal exemption law, and is not in the interests of justice, the US Government, Federal Law, nor N'Jai/Student Borrowers. It's solely and ONLY to help ICR get out of liability for their actions of constant calling, hanging up, leaving wordless messages on the phone, pretending to be other businesses, not saying hello, just being silent on the phone, etc, almost every day for years.

According to Immediate Credit Recovery Inc, because it is physically located in NY, and it collected from N'Jai, who is in PA, for a commission from DOE, then there allegedly is no subject, nor personal jurisdiction in Federal District Court, in DC and N'Jai allegedly has no right to sue in that jurisdiction.

This is despite the fact that ICR was hired by the US Department of Education, to collect on $66,000.00 worth of fake debt, and who is headquartered in Washington, DC, for a 15% commission.

This is contravention to the federal questions, the fact that student loan debt is already in the DC jurisdiction, the federal Diversity Issue, that even ICR admits, that N'Jai lives in PA, and ICR is in NY, also, NYU, LIU, Campus Products and Services/Conduent, are in different states, FMS is in IL, US DOE in DC, Diane was in TX, and De Vos are in DC, etc,

and the amount requested in both Original and Amended Complaints request in excess of $75,000.00.

According to ICR, and NYU/LIU, et al, N'Jai should only be given jurisdiction for their violations, in each individual state. As a result, that would mean that she files multiple complaints, in various cities, unnecessarily, causing undue hardship, unnecessary courts filings, unnecessary costs, redundancy, and more needless delays.

### PERSONAL JURIDICTION:

According to the Code of the District of Columbia, §13-423.Personal jurisdiction based upon conduct

"(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the persons'-

**(1) "Transacting *ANY* business in the District of Columbia"**

To Appellant, ICR transacts business in the District of Columbia, by and through the Department of Education, for a commission of thousands of dollars, and in this case had they succeeded with the fraud it would have been a

transaction for 15% of $66,000.00.

**(2) "Contracting to supply services in the District of Columbia."**

Clearly there is no dispute that ICR is under contract with the Department of Education, and has been for a very long time, to collect costs and fees of 15% from 1.6 Trillion Dollars worth of student loan debt that is being claimed N'Jai and other students owe.

**(3)** ICR "**caused tortious injury" to N'Jai**, by abusive, irrational, harassing collection acts and ommissions, that consisted of garnishments to her income tax, SSA checks, any employment, etc., adding derogatory credit history information reported, etc., in behalf of DOE, which is a federal agency located in DC, and for a commission.

**(4)** ICR's issue of state immunity, or allegedly no personal jurisdiction is in dire contradiction to multiple DC basis for personal jurisdiction, and for,

"**(4) Causing tortorious injury in the District of Columbia by an act or omission outside the District of Columbia** if he regularly does or solicits business, engages in any other consumed, or services rendered, in the District of Columbia."

ICR actions to harass, abuse, show reckless disregards for proof of debt, and other act and omissions, were partly responsible for a law suit against DOE, for other related claims, acts and omissions done by ICR et al.

ICR broke the FDCA and FCRAs that DOE states ICR can be sued for, in federal court. So, if ICR claims that it cannot be sued for any claims in federal court, including FDCA nor FCRA, because it is an arm of another state, then the state rule is contrary to the federal interests/laws and DOE PCA policies in regard to federal student loans, for which federal preemption laws should override and put federal interests over what ICR claims.

According to (6) of DC personal jurisdiction elements, "**Contracting to insure or act as a surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting**, unless the parties otherwise provide in writing."

ICR failed to prove that there is no personal jurisdiction, pursuant to 12(b)(1),or (2) because the above elements 1-4, and (6), are imbedded or related to the contractual agreement between ICR and DOE's DC relationship, that makes ICR liable for its actions and omissions, whether inside or outside of DC.

Furthermore, and according to DC , ( E) "**Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise**

**personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction."**

Finally, personal jurisdiction can be waived, and there has already been established that subject matter jurisdiction exists pursuant FDCA and FCRA.

## SUBJECT MATTER JURISDICTION:

"Subject matter jurisdiction [exists] when a court has the power to hear specific claims that are brought in the court."

N'Jai contends that both subject and personal jurisdictions in the District of Columbia exist in regards to **LIU, NYU, ICR, FMS, Campus Product and Services/Conduent, and Van RU, pursuant to F.R.Civ.P 12(b)(1) and 12(b)(2), and who admit to not being federal agents.**

Without repeating the same things over again, N'Jai will connect how ICR violated the FDCA, FCRA, etc.

## FEDERAL DEBT COLLECTION ACT

Immediate Credit Recovery ( and Campus Product and Services, FMS, et al) is a debt collector **for the United States Department of Education**, for a 15% commission, on what was a **$66,000** debt. It is a 3rd party debt collector, as defined by 15 U.S.C.§1692a(6), who is attempting to collect

the debt, in behalf of and exclusively for The US Department of Education, housed in the District of Columbia.

Appellant, Jacquelyn N'Jai, was and allegedly still is a consumer obligated to pay for a $66,000.000 debt that stemmed from 2 promissory notes that totaled $5500.00, in federal student loans to help toward her education, in 1986-1988. [15 U.S.C.§1692a(3)], and that ICR was seeking to collect by seizing her monetary/property, retirement funds, etc.

The Appellee, ICR (et al)., violated multiple provisions of the 15 U.S.C §1692a-1690.

1. ICR is trying to collect on a debt that was paid and that was generated by deceptive pretenses, without promissory notes, that it , or should have known, did not exist.

2. ICR/HSEC- made false threats to garnish N'Jai's salary, pension, in NY and Yonkers, and Kelly Educational Services when she stopped working for NYC in 1990, and for Kelly in 2019.

3. N'Jai told ICR et al that she did not owe the debt, and insisted ICR stop bothering her, as she is doing again in this complaint/appeal. (7/1/2019 last time prior to 9/19/2019 filing of this case.

4. ICR  called N'Jai 2 times or more a day, either using robo calling, saying nothing (breathing into the phone), hanging up, leaving no message- messages on her voice mail, stating it was a collection agency to collect a debt, without saying what debt, nor from whom, pretending to be tax advocates to collect un-owed taxes, car warranty insurance agents, when she had no car, nor such warranty, asking for confidential information, etc., for years.

5. Even during the pandemic when there was a freeze, and DOE paused all collection activities 2020-10/23, ICR still called and harassed N'Jai. [CARES ACT, HEROS ACT]

In essence, ICR is claiming to have the 11th Amendment, STATE sovereign immunity, as HESC et al, and therefore the DC Federal District Court has no personal, nor any other jurisdiction to review US Department of Education student loan fraud, nor does Appellant have right to file in this DC Court, pursuant to F.R.Civ.P. 12(b)(1),/(2) and therefore the complaint and the appeal should be dismissed.

ICR is not a state, nor an arm of the state, but is a private company contracted by the DOE on commission, and is not immune any more than HESC which is a state agency who waived their right to immunity in regards to FDCA and FCRA, and it is NJai's position that the Motion does nor preclude review of state compliance with the federal constitution and valid federal laws as a judge determined in another case against HESC, and Sally Mae Servicing Corp.[1]

That Court held, " "In addition, to consent, sovereign immunity is not a bar to suits prosecuted against a municipal corporation or other

---

[1] In re Carol Douglas Muir, v. Sallie Mae Servicing Corporation, and New York State Higher Education Services Corporation, Bankruptcy No. 98-33267-7, Adversary No. 99/00022, United States Bank. Ct., D. Montana, Butte Division. September 17, 1999. See 239 B.R. 213 (1999)

government entity which is not an arm of the State." See **Alden v. Maine**, 527 U.S. 119 S.Ct. 2240, 2266-67, 144L.Ed.2d 636 (1999)."

Instead of N'Jai, proving that ICR, HESC, et al are not arms of the state, [as it pertains to federal student loans], ICR et al failed to prove 5 factors that gives them immunity to not be sued in federal court personal/subject jurisdiction, for violations of FDCPA, nor FCRA.

According to DOE PCA Manual,

"The FDCPA applies only to the collection activities of third-party debt collectors. The statute itself defines the term "debt collector' to exclude officers or employees of the United States, and therefore the FDCPA by its terms does not apply to the collection actions of ED employees. The FDCPA by its terms does apply to the PCAs ED retains to perform collection services on student loans." [2]

### FAIR DEBT REPORTING ACT

The Court has jurisdiction [As it pertains to **ICR,** FMS, Campus Products and Services/Conduent, HESC, NYU, and LIU, and Van Ru, pursuant to 15 U.S.C. §1681 et seq., Fair Credit Reporting Act (FCRS) and 15 U.S.C. §§1692-1692p, "The Fair Debt Collection Practices Act."

---

[2] See PCA Procedure Manual-2009, Section 2, page 19.

## ICR'S STATUTORY VIOLATIONS

(1) ICR reported derogatory information about N'Jai to 3 credit bureaus, 2007-2023. {15 U.S.C. §1681a}

(2) ICR reported derogatory information when it knew or should have known that the debt was canceled, ill-gotten, and that N'Jai's credit reports at one time showed (pd 0.00 owed), and payments indicated that her $5500.00 debt was already paid in full.

(3) N'Jai persistently disputed the accuracy if the derogatory information reported, in writing, phone, etc.

(4) N'Jai requested that the ICR, et al, cease and desist in collections against her, and gave them proof.

(5) N'Jai sent notice for creditors to produce promissory notes, or documented proof to show she borrowed and signed for an additional $7500, 5000, 5000, 700.00 and another $2500.00+, amounting to the $66,000.00 debt in her name, and using her social security number, etc. ( 7/1/2019 last before 9/9/2019 complaint).

(6) From 7/1/2019-9/9/2019, ICR, et al did not respond, nor send documents requested.

(7) In violation of 15 U.S.C. §1692g, ICR et al DID NOT RESPOND WITHIN 5 DAYS, NOR 30 DAYS, after that communication, nor at all,

until after the 9/9/2019 complaint was filed, for which ICR replied on 6/2020, for a motion to dismiss.

(8) N'Jai requested that Experian, Trans Union, and Equifax, freeze her credit history/reporting, due to ID Fraud.

(9) As a direct result of the freeze, that amounted to a "0" credit score, as of still in 2023.

(10) At no time did ICR respond to N'Jai written dispute, and provide the results of an investigation within 30 days as required by 15 U.S.C. §1681s-2.

(11) Within the right amount of time, ICR did not notify N'Jai that it thought N'Jai's dispute was frivolous, or anything about the being the arm of the state.

WHEREAS, N'Jai seeks reasonable, fair judgment against ICR [ET AL], by the following:

- A permanent injunction against selling, this debt to any other party.
- A permanent injunction against reporting, garnishing, collecting and disclosing derogatory information about N'Jai to CRA, treasury, or any one else.
- That has been derived from the $5500.00 gotten in 1986-1988/89, for federal student loans.

- An official written discharge of any debt still owed that is derived from the $5500.00, promissory notes
- An official written acknowledgement that the account(s) is closed, with a 0.00 balance.
- An official written declaration that what happened to N'Jai constitutes ID Fraud.
- She seeks $1,000 actual damages for each violation
- She seeks $25,000 in punitive damages
- N'Jai/Appellant seeks any other relief which the court decides is available to her.

Respectfully Submitted,

*Jacquelyn B. N'Jai*

Jacquelyn Brenea N'Jai

- Incorporation of the documents filed on 2/17/2023, and the interlocutory documents filed on 4/09/2021.

## COMPLIANCE

- Appellant, Jacquelyn Brenea N'Jai, filed this response within 7 days of the filing of the Appellees, Immediate Credit Recovery Motion for Summary Affirmation or Motion to Dismiss filed 2/24/2023.

- Request for a counter affirmative relief.

- Rule 27(a)(4)(A) and (a)(5) compliance

    (1) Grounds for relief

    (2) Accompanying documents

    (3) 8 1/2 x 11 and clear black image on white paper

    (4) One-sided, and unglazed paper

    (5) Double Spaced, page numbers without text

    (6) 14 point font

    (7) Only 2086 words, and less than 20 pages

- The title of the response is as an alert for relief to the Court for a counter affirmative relief.


Respectfully Submitted,

*Jacquelyn B. N'Jai*

Jacquelyn B. N'Jai

3·3·2023

## ❖ CERTIFICATE OF SERVICE

I, Jacquelyn B. N'Jai certifies that she electronically filed and served all representative attorneys on the record with her Response Brief and attached Appendix as follows:

Monica M. Littman, Esq.
Richard J. Perr, Esq.
Kaufman, Dolowich & Voluck, LLP
Four Penn Center
1600 John F. Kennedy Blvd., Ste. 1030
Philadelphia, PA 19103
mlittman@kdvlaw.com
rperr@kdvlaw.com
*Attorneys for Appellee,*
*Immediate Credit Recovery, Inc*

Frank J. Mastro, Esquire, Attorney
Schlossberg Mastro & Scanlan
PO Box 2067
Hagerstown, MD 21742-2067
fmastro@schlosslaw.com
*Attorneys for Appellee New York State*
*Higher Education Services*
*Corporation*

Thomas Duffey, Esq.
Office of the United States Attorney
for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
thomas.duffey@usdoj.gov
*Attorney for DOE, Secretary of DOE, and*
*Diane Spadoni*

Kenneth T. Maloney
Cullen and Dykman LLP
1101 14th Street
Washington, D.C. 20005
Phone: (202) 223-8890
kmaloney@cullenllp.com
*Attorneys for Appellees,*
*Long Island University, and New York University*

*/s/ Jacquelyn B. N'Jai*
Jacquelyn Brenea N'Jai

3.3.2023